# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

Tyresia E. Adams,

     Plaintiff,

     v.                            Case No. 3:10-CV-204 JVB

Indiana Department of Child Services,

     Defendant.

## OPINION AND ORDER

Plaintiff, Tyresia E. Adams, is proceeding *pro se* in her suit against Defendant, Indiana

Department of Child Services, the organization she believes caused her to be terminated from

employment with an Indiana University day care facility. Plaintiff alleges that the presence of

two charges on her Indiana Department of Child Services record, one for sexual abuse as a minor

and the other for medical neglect of her child, were improperly substantiated and violated her

due process rights as protected by 42 U.S.C. § 1983. Plaintiff has also levied three state tort

claims, slander, defamation, and negligence, against the Defendant as a result of the two charges

on her record.

Defendant moved for summary judgment under Federal Rule of Civil Procedure 56 on

Plaintiff's federal and state claims. Defendant contends Plaintiff's federal claim is barred by its

Eleventh Amendment sovereign immunity and that it is not a person as defined under 42 U.S.C.

§ 1983. Additionally, Defendant requests summary judgment on the state tort claims because

Plaintiff has not properly adhered to the requirements of the Indiana Tort Claims Act and its

caseworkers have statutory immunity under Indiana Code §31-25-2-2.5.

**A.     Standard for Evaluating a Motion for Summary Judgment**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Rule 56(c) further requires the entry of summary judgment after adequate time for discovery against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*,  477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Tr. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To

successfully oppose the motion, the non-movant must present "definite, competent evidence in rebuttal." *Salvadori v. Franklin Sch. Dist.*, 293 F.3d 989, 996 (7th Cir. 2002). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50.

## B.     Background

Plaintiff was employed by Indiana University South Bend Child Care facility from 2006 to May 21, 2008. (DE 42-2, Ex. 2 at 2.) On May 21, 2008, Plaintiff was summoned to her supervisor's office where she was told she was being dismissed from her job. (*Id.* at 3.) During this discussion, Plaintiff's supervisor provided her with a document that informed her of two charges that the Indiana Department of Child Services had "substantiated" against her.[1] The first charge, which was substantiated in 2004, consisted of medical neglect of her son, as a result of Plaintiff failing to take her son for lead testing and failing to properly communicate with the Department of Child Services about her compliance with the lead testing directive. (DE 1, Compl. at 2, DE 44, Pl.'s Resp. at 2.) The second charge, which was substantiated in 1997, was for sexual abuse surrounding the birth of the Plaintiff's first child in 1997. (DE 1, Compl. at 2–3.) Plaintiff was sixteen when her first child was born and the father was over the age of

---

[1] DCS will make a finding of "substantiated" when facts obtained during the assessment provide a preponderance of evidence that is sufficient to lead a reasonable person to believe that the alleged incident has occurred or when the alleged perpetrator admits to the conduct in question. Ind. Dep't Child Services, *Indiana Department of Child Welfare Manual*, (July 1, 2012), http://www.in.gov/dcs/files/4.22MakinganAssessmentInvestigationFinding.pdf

eighteen. (*Id.*) The Department of Child Services informed Plaintiff that all minors similarly

situated has a thus substantiated charge on their record. (*Id.*)

Plaintiff is disputing both of the charges the Department of Child Services has

substantiated against her. First, Plaintiff contends that her mother was never informed of the

sexual abuse charge substantiated against her when she was a minor. (DE 44, Pl.'s Resp. at 2.)

Plaintiff maintains that Defendant slandered her by placing this sexual abuse charge on her

record when she was not the offender, but the minor victim.[2] Next, Plaintiff argues that

Defendant was negligent, defamed her, and violated her right to due process when it

substantiated a charge against her for medical neglect. (DE 1, Compl. at 2–3.) Plaintiff's main

defenses to this charge are that she took her son to his lead testing appointments as directed by

the Department of Child Services and she was only informed of an investigation of her conduct,

not a final decision. (DE 44, Pl.'s Resp. at 2.) Plaintiff is seeking to have her record with the

Department of Child Services cleared of any charges and compensatory and punitive damages

for the loss of her job and other economic opportunities since her dismissal on May 21, 2008.

(*Id.* at 3.)

Defendant's Answer provides five challenges to Plaintiff's Complaint.[3] First, Defendant

responds that summary judgment is appropriate because the Department of Child Services is

entitled to Eleventh Amendment sovereign immunity. (DE 41, Mem. Summ. J. at 5.) Next,

Defendant maintains that its agency and representatives, when sued in their official capacities,

---

[2] Defendant does not admit Plaintiff was labeled an offender in their filings, but says only that Plaintiff has a substantiated charge on her record related to a sexual relationship she was involved in while she was underage. (DE 41, Mem. Summ. J. at 13.)

[3] Defendant also argued that Plaintiff's federal claim and state claims violated the two-year statute of limitations for claims of this sort, but the Court does not address this argument in this order. Plaintiff claims she was unaware of the substantiated charges until May 21, 2008, which means that equitable tolling of the statute of limitations is appropriate here, particularly since this is a motion for summary judgment. *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 553-54 (7th Cir. 1996) (stating that "equitable tolling applies when a plaintiff, despite the exercise of due diligence and through no fault of his own, cannot determine information essential to bringing a complaint.").

are not persons under 42 U.S.C. § 1983, which makes this claim invalid and entitles it to

summary judgment. (*Id.* at 5–6.) Third, Defendant asserts that Plaintiff has no sustainable claims

under the Indiana Tort Claims Act (ITCA) because: (1) Plaintiff did not fulfill the statutory

requirement to provide notice of her intent to sue as required by the ITCA, and (2) the

Department of Child Services has immunity under provisions of the ITCA and Indiana state

court precedents. (*Id.* at 7–11.) Next, the Department argues it is entitled to summary judgement

on the state law claims because the agency and its employees have statutory immunity under the

provisions of Indiana Code § 31-25-2-2.5.[4] Finally, Defendant argues that Plaintiff has no

defamation claim because the information it provided in response to Plaintiff's employment

background check was true and provided without malice to an employer's background check.

(*Id.* at 13–14.)


**C.    Analysis**

In its motion for summary judgment, Defendant argues that Plaintiff's 28 U.S.C. § 1983

claim is barred by the Eleventh Amendment's grant of sovereign immunity to the states.

Defendant is correct. At the very heart of sovereign immunity, as articulated by the Eleventh

Amendment, is the intrinsic right of a sovereign to be immune from a lawsuit brought by a

private citizen, without the consent of the state. *Nelson v. La Crosse Cnty. Dist. Atty. (In re*

*Nelson)*, 301 F.3d 820, 826 (7th Cir. 2002). The Eleventh Amednment also bars an action in

federal court directed at a state agency or the officials of that agency, if they are acting in their

official capacities. *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997) (citing *Pennhurst*

*State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–102 (1984)).

---

[4] Ind. Code § 31-25-2-2.5, regarding personal liability states, "The following are not personally liable, except to the state, for an official act done or omitted in connection with performance of duties under this title: (1) The director of the department. (2) Other officers and employees of the department." Ind. Code Ann. § 31-25-2-2.5.

There are three instances when a litigant may bring suit against a state, a state agency, or an agency official, despite the Eleventh Amendment's grant of sovereign immunity. First, if the state consents to the lawsuit being brought in federal court, a litigant may proceed with the action. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992). Next, if Congress, pursuant to the Fourteenth Amendment or the Interstate Commerce Clause, abrogates the state's Eleventh Amendment immunity, litigants may sue the state or its agencies. *See Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 19–20(1989) (discussing how when the Constitution withholds power from the states and grants that power to the federal government, as done by the Commerce Clause, that power can only be complete if states may be held liable for damages). Finally, a suit may proceed in federal court against state agency officials if it is raised in their individual capacity. *Scott*, 975 F.2d at 369.

Plaintiff's federal claim fails because the state's Eleventh Amendment immunity extends to § 1983 claims. The long-standing rule is that the Eleventh Amendment bars § 1983 actions against a state or a state agency. *Baxter by Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 731 (7th Cir. 1994). Plaintiff does not refute this in any way or allege that the Defendant has received funds under a federal grant that made Defendant amenable to suit in federal court. Additionally, Plaintiff has not alleged any wrongdoing by a Department of Child Services employees outside of their official capacity. Accordingly, the Court must dismiss the § 1983 claim.

The remaining state tort claims require this Court to decide if it should exercise supplemental jurisdiction. District courts may exercise supplemental jurisdiction over state law claims when they are closely related to the federal claims presented to the court. 28 U.S.C. § 1367(a) (2012). However, when all federal law claims have been eliminated before trial and only supplemental state law claims remain, a district court has discretion to dismiss the remaining

6

state claims without prejudice. *Taflinger v. U.S. Swimming, Inc*., 435 Fed. Appx. 559, 561 (7th Cir. 2011) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Court of Appeals for the Seventh Circuit has repeatedly stated its preference that district courts dismiss these cases. *See, e.g., Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts.").

Therefore, it is best for this Court to dismiss the remaining slander, defamation, and negligence claims and allow Plaintiff to file these claims in state court. Plaintiff's tort claims are not so entangled with the federal claim that the failure of § 1983 claim necessarily entails the failure of the state claim. Additionally, when considering the tenets of judicial economy, convenience, fairness, and comity, it is clear dismissal, with an allowance for Plaintiff to file in state court, is proper. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).


**D.      Conclusion**

The Court grants in part the Defendant's Motion for Summary Judgment (DE 40). Dismissal is granted in favor of Defendant on all issues involving Plaintiff's § 1983 claim. The Court dismisses the state law claims without prejudice and notes Plaintiff's ability to file in Indiana state court pursuant to Indiana Code § 34-11-8-1 and 28 U.S.C. § 1367(d).


SO ORDERED on September 24, 2013.


    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE